Jack **HUTTER**

v.

Robert M. **COHEN,**

and

Jack Hutter,

v.

H. Allen Bray.

Court of Appeals of Tennessee,
at Knoxville.

May 8, 2001.

Permission to Appeal Denied by
Supreme Court Oct. 8, 2001.

Dail R. Cantrell, Clinton, TN, for appellant.

R. Franklin Norton and Geoffrey D. Kressin, Knoxville, TN, for appellees, Robert M. Cohen and H. Allen Bray.

## OPINION

FRANKS, J., delivered the opinion of the court, in which SWINEY, J., joined.

In these actions charging legal malpractice, the Trial Court granted summary judgment to defendants on the grounds that the defendants' actions did not deviate from the standard of conduct required of them. We affirm.

In these two legal malpractice actions, which were combined on appeal, the plaintiff alleged in his *pro se* complaints, that he employed Cohen to represent plaintiff and paid legal fees and expenses. The Complaint alleged that defendant's conduct was a breach of "the defendant's duty to exercise reasonable care, skill, and diligence on plaintiff's behalf, and that defendant did not file certain motions and engage in other strategies, which led to plaintiff firing the defendant." Plaintiff further asserted: "Defendant's failure to represent plaintiff with reasonable care, skill, and diligence, possessed and exercised by the ordinary attorney in similar circumstances have been the proximate cause of [plaintiff's damages]." As to the defendant H. Allen Bray, plaintiff averred that he had employed Bray to represent plaintiff on certain legal matters and paid a $1,000.00 retainer. This defendant was charged with failing to file motions and follow other strategies agreed upon between the parties and concluded that "Defendant's failure to represent plaintiff with reasonable care, skill, and diligence possessed and exercised by the ordinary attorney in similar circumstances have been the proximate cause of [plaintiff's damages]."

Subsequently, both defendants filed motions for summary judgment, asserting that the complaints failed to state a claim or cause of action, and that plaintiff "has failed to prove" that defendants' conduct fell below the accepted standard of practice for attorneys practicing in Blount County, Tennessee in similar communities.

Both defendants filed Statements of Material Facts, pursuant to Tennessee Rules of Civil Procedure, Rule 56, and attached their own affidavits which essentially state that the defendant was "familiar with the facts of the case and with the facts surrounding the aforementioned representation." Each attorney then stated in affidavits that it was their professional opinion,

within a reasonable degree of professional certainty ... and based upon my personal knowledge and my review of the facts involved in the above captioned case, I did not deviate from or fall below the legally accepted standard of practice for attorneys practicing law in Blount County, Tennessee, and similar communities, nor did I fail to exercise that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in this jurisdiction, relative to my aforementioned representation of Jack Hutter.

Jack Hutter filed his own affidavits in response to the motions, which essentially stated that he had attended law school, but did not graduate, and that he had discussed his cases with other attorneys in Blount County, Tennessee and the surrounding area as to the standards for practicing attorneys, and that he was familiar with the legally accepted standards for attorneys practicing law in Blount County and the surrounding areas. He further stated that he was familiar with the facts of the cases and of the defendants' representation, and that in his opinion the defendants "did deviate from or fall below the legally accepted standards of practice for attorneys practicing law in Blount County, Tennessee and similar communities, and did fail to exercise that degree of care, skill and diligence which is commonly possessed and exercised by attorneys prac-

ticing in this jurisdiction, relative to [their aforementioned representation of plaintiff]."

On August 25, 1999, plaintiff filed an Amended Complaint alleging breach of contract against defendants, and on August 26, 1999 the Trial Court granted summary judgments to the defendants. Subsequently, plaintiff filed a Rule 60 Motion and numerous other motions and subpoenas for witnesses. On December 6, 1999, the Trial Judge entered an Order stating that the Court heard various of plaintiff's motions, including his Tenn.R.Civ.P. Rule 60, his Amended Complaint, his Motion for Contempt and Other Relief, and ordered all of plaintiff's motions denied, but permitted plaintiff "to amend his complaint as pled" and ordered the summary judgment entered on August 26, 1999 to be set aside, but re-entered summary judgments in favor of defendants and dismissed plaintiff's complaints with full prejudice.

On appeal, plaintiff raises identical issues as to each party, i.e., "whether the Trial Court erred in granting the appellees' Motion for Summary Judgment and in denying the appellant's Motion to Vacate the Order Granting the Appellee's Motion for Summary Judgment, in that a legitimate question of fact for the jury existed which should not have been dismissed as a matter of law," and "whether the Trial Court violated the appellant's procedural due process rights."

■ Needless to say, plaintiff's *pro se* complaints are not models of clarity. However, they essentially charge each defendant with failure to represent plaintiff in accordance with the legally accepted standard of practice for attorneys in Blount County or similar counties. Essentially, plaintiff complains of the failure of

defendants to file motions, make court appearances, and follow strategies agreed upon between the parties.

The Trial Court, in considering the motions for summary judgment, accepted defendants' affidavits that they had exercised the requisite professional skills in these representations, and plaintiff had not created a disputed issue in that his affidavit did not demonstrate his competence as a witness to offer a contrary opinion.

■ Those seeking a summary judgment must show the absence of any genuine issue of material fact. *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn.1993). The party seeking judgment must either affirmatively negate a central element of the adversary's claim, or conclusively establish an affirmative defense. *Id.* at 215. In this case, we believe the defendants have conclusively established affirmative defenses, in that their affidavits establish that they measured up to the degree of special skill in representing this plaintiff so as to meet the standard for a professional in that community. *Cleckner v. Dale,* 719 S.W.2d 535 (Tenn.App.1986).[1]

■ As to plaintiff's contention about defendants' strategies and trial tactics. This Court in *Allen v. Wiseman,* 1998 WL 391803 (Tenn.Ct.App.1988) said:

At one time we thought that a lawyer's trial conduct or tactics could not be questioned, *see Stricklan v. Koella,* 546 S.W.2d 810 (Tenn.App.1976), but a more flexible approach was announced by the federal court in *Woodruff v. Tomlin,* 616 F.2d 924 (6th Cir.1980). The federal court, interpreting Tennessee law, recognized that there can be no liability for acts or omissions by an attorney in the

---

1. While defendants' affidavits are broadly worded, we believe when read in light of the complaints and defendants' statements of un-

disputed facts the affidavits shift the burden to plaintiff to raise a disputed issue of material fact.

conduct of litigation which are based on an honest exercise of professional judgment, but the court also said that an attorney is still bound to exercise a reasonable degree of skill and care. *Cf. Pera v. Kroger Co.*, 674 S.W.2d 715 (Tenn.1984).

We believe that whether an attorney has failed to meet that standard requires a knowledge of the issues involved in the litigation, what proof was available, what steps were taken to advance the client's interests, and what reasons lay behind the choices made. With all the facts, a skilled, experienced trial lawyer could give an opinion about how the attorney's actions measured up to the standard of reasonable skill and care. Ordinary laymen (even judges) could not say that the attorney's conduct fell below that standard. *See Cleckner v. Dale*, 719 S.W.2d 535 (Tenn.App.1986).

We conclude that the complaint by plaintiff as to the actions and lack of skill of defendants are beyond the common knowledge of laymen, and in the absence of an affidavit refuting defendants' affidavits, summary judgment was appropriate.

■ Finally, we find plaintiff's argument that he was denied due process in these cases is without merit. It appears from the record that plaintiff was afforded reasonable time to procure an expert witness, and the Trial Judge granted plaintiff on an least two occasions hearings on his various motions.

For the foregoing reasons, we affirm the judgment of the Trial Court and remand, with the cost of the appeal assessed to the plaintiff, Jack Hutter.

SUSANO, J., dissented and filed an opinion.

---

**1.** The affidavits are essentially identical. The one signed by Mr. Bray is attached as an

SUSANO, J., dissenting.

I cannot concur in the majority's affirmance of the trial court's grant of summary judgment in these two related legal malpractice actions. My unwillingness to join my colleagues is based upon my belief that the affidavits of defendants/attorneys Robert M. Cohen and H. Allen Bray are legally insufficient to require the plaintiff Jack Hutter to engage in what I refer to as litigation "on the papers."

The law imposes a threshold obligation upon a defendant seeking summary judgment; such a defendant "must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense." *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn.1998) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 n. 5 (Tenn.1993)). If the defendant fails to satisfy this threshold obligation, "the non-movant's burden to produce either supporting affidavits or discovery material *is not triggered* and the motion for summary judgment fails." *McCarley*, 960 S.W.2d at 588 (citing *Byrd*, 847 S.W.2d at 215) (emphasis added).

Our Supreme Court has indicated that non-specific defense affidavits do not trigger an obligation on the part of the plaintiff to present affidavits and discovery material demonstrating a genuine issue of material fact. *Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn.1998). *See also Harris v. Chern*, 33 S.W.3d 741, 743 n. 1 (Tenn.2000).

In each of the cases now before us, the defendant in his affidavit [1] basically states the following: I am a licensed attorney; I know the standards of professional practice applicable to attorneys practicing in

appendix to this opinion.

Blount County; I have "handle[d]" cases pertaining to, and am familiar with the law applicable to, family law, landlord/tenant, and unlawful detainer cases; I was retained by the plaintiff to represent him with respect to a custody matter and a matter pertaining to possession of a house; I am familiar with the facts surrounding the aforementioned representation; and, finally, "I did not deviate from or fall below the legally accepted standard of practice for attorneys practicing law in Blount County, Tennessee, and the surrounding area, nor did I fail to exercise that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in this jurisdiction, relative to my aforementioned representation of Jack Hutter."

In reading the affidavits, I am struck by what both of them fail to do. In each case, the affidavit does not state any *facts* pertaining to the advice given or the services performed by the attorney. In other words, after reading the affidavits, one is left to ponder: What did the attorney do or not do in connection with this representation as it pertains to the shortcomings alleged by the plaintiff as the basis for his legal malpractice case? The affidavits are simply devoid of any information on this subject. *The attorney in each case says that he knows what he did; but he doesn't share this information with the reader.*

I do not understand how a plaintiff can be expected to demonstrate a genuine issue of material fact if he or she does not know the material facts upon which the defendant relies to support his or her position that summary judgment is appropriate. As I understand the concept embodied in Tenn.R.Civ.P. 56, a trial is not necessary when the facts are clear and undisputed and those facts show conclusively that the defendant is entitled to a judgment; but this raises an obvious question: How do we know that the facts are clear and undisputed if a defendant's supporting material fails to tell us what the material facts are?

If a defendant's obligation under Rule 56 is to present *facts* showing that he or she is entitled to judgment in summary fashion—and I believe it clearly is—the affidavits before us simply do not satisfy this obligation. In my judgment, an affidavit that simply asserts that (a) I know the standard, (b) I know the facts (without revealing them), and (c) I did not deviate from or fall below the applicable standard, does not comport with my understanding of the letter[2] or spirit of Rule 56. If factual specificity is required in the material submitted by the non-movant,[3] why is it not also required with respect to the material submitted by the movant, who, after all, has the primary burden to convince the court that he or she is entitled to summary judgment? If a generally-worded, conclusory affidavit, such as the ones now before us, has the effect of triggering the non-movant's obligation to bring forth "specific facts," *see* Rule 56.06, I believe that such a holding necessarily means that the non-movant, rather than the movant, has the

---

**2.** For example, Rule 56.06 provides that "[s]upporting . . . affidavits shall be made on personal knowledge, shall set forth such *facts* as would be admissible in evidence, . . . ." (Emphasis added).

**3.** Rule 56.06 further provides, in pertinent part, as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial.

(Emphasis added).

burden of persuasion on summary judgment. Obviously, such a result is contrary to well-established summary judgment law. *See, e.g., Byrd,* 847 S.W.2d at 215.

I would hold that the defendants' affidavits did not trigger an obligation on the part of the plaintiff to show a disputed material fact, and, consequently, that the defendants are not entitled to summary judgment. Accordingly, I respectfully dissent.

| | |
|---|---|
| JACK HUTTER, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. L-11709 |
| | ) |
| H. ALLEN BRAY, | ) |
| Defendant. | ) |

FILED

JUN 17 1999

TOM HATCHER
CIRCUIT COURT CLERK

## AFFIDAVIT OF H. ALLEN BRAY

STATE OF TENNESSEE )
                    )
COUNTY OF BLOUNT    )

I, H. ALLEN BRAY, after first being duly sworn according to law, do hereby make oath that the following is true and correct:

1. That my name is H. Allen Bray and I am an attorney engaged in the practice of law in Blount County, Tennessee. I received my law degree from the University of Tennessee at Knoxville, in 1974.

2. That I am duly licensed by the state of Tennessee to practice law and have been so licensed since 1974. I am familiar with the legally accepted standards for attorneys practicing law in Blount County, Tennessee, and in the surrounding area. This affidavit is made of my own personal knowledge.

3. That during the course and scope of my practice of law in Blount County, Tennessee, I have handle family law type cases in the Juvenile Court for Blount County, Tennessee, and I have handled landlord/tenant and unlawful detainer type cases in the General Sessions Court for Blount County, Tennessee. I am familiar with the applicable laws regarding those types of cases and the procedures followed by those courts.

4. That during the course and scope of my practice of law in Blount County, Tennessee, I was retained by Jack Hutter to represent him in the Juvenile Court for Blount County, Tennessee, relative to matters concerning the custody of his two minor children and the possession of a house and land he owned in Blount County, Tennessee. I was retained

by Mr. Hutter on October 28, 1997. I moved to withdraw as counsel for Mr. Hutter. The order of withdrawal was entered on or about January 15, 1998.

5. That I am familiar with the facts of this case and with the facts surrounding the aforementioned representation. I am familiar with the counsel and advice that I gave Jack Hutter during the course of the aforementioned representation. I am familiar with the counsel and advice that I gave Jack Hutter relative to filing motions for sanctions. I am familiar with claimed issues regarding estoppel. I am familiar with my courtroom conduct and other proceedings connected with the aforementioned representation. I am familiar with the counsel and advice I gave Jack Hutter relative to the matters regarding the custody of his children and his unlawful detainer action against the mother of his children. I am familiar with all the pleadings that I prepared and filed on Jack Hutter's behalf relative to the aforementioned representation. I am familiar with the fact that Jack Hutter retained other counsel who represented him.

6. That in my professional opinion, within a reasonable degree of professional certainty in my field as an attorney, and based upon my personal knowledge and my review of the facts involved in the above captioned case, I did not deviate from or fall below the legally accepted standard of practice for attorneys practicing law in Blount County, Tennessee, and similar communities, nor did I fail to exercise that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in this jurisdiction, relative to my aforementioned representation of Jack Hutter.

This the 9 day of June, 1999.

_____
H. ALLEN BRAY

Sworn to and subscribed before
me this 9d day of June,
1999.

_____
NOTARY PUBLIC

My Commission Expires: 9-29-99