IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2002 Session

# JACK HUTTER v. H. ALLEN BRAY, ROBERT M. COHEN, GEOFFREY D. KRESSIN, R.D. HASH, R. FRANKLIN NORTON, WARREN P. LUHN, GARY G. SPANGLER, and NORTON & LUHN, P.C.

**Direct Appeal from the Circuit Court for Blount County**
**No. L-12524     Hon. James B. Scott, Jr., Circuit Judge**

**FILED JUNE 5, 2002**

**No. E2001-02408-COA-R3-CV**

In plaintiff's action for conspiracy, fraud and malicious harassment, the Trial Court dismissed the action for failure to state a claim for which relief could be granted.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jack Hutter, Maryville, Tennessee, *pro se.*

R. Franklin Norton and R. David Benner, Knoxville, Tennessee, for Appellees, H. Allen Bray, Robert M. Cohen, Geoffrey D. Kressin, R.D. Hash, R. Franklin Norton, Warren P. Luhn, Gary G. Spangler, and Norton and Luhn, P.C.

## OPINION

Plaintiff's action was dismissed by the Trial Court for failure to state a claim upon which relief could be granted, pursuant to Tenn. R. Civ. P. 12.02(6).  Plaintiff appealed the dismissal to this Court.

Plaintiff bases his action on his experience with the attorneys in the case reported in this Court as *Hutter v. Cohen*, 55 S.W.3d 571 (Tenn. Ct. App. 2001).  In that action, plaintiff had sued the attorneys for legal malpractice and summary judgment was granted to defendants, which

was affirmed by this Court.

Plaintiff then filed this action on September 20, 2000 against the same attorneys, adding their defense attorney, Geoffrey Kressin, and opposing counsel attorney, R.D. Hash. The Complaint was amended to add Kressin's law firm and each of its principals, individually, as defendants. The exact nature of plaintiff's allegations border on the indecipherable, but we glean from his averments that attorney Kressin warned him about the consequences of pursuing a malpractice action; that he was forced to conduct depositions of Messrs. Bray and Cohen on the same occasion and in front of each other; that a Motion for Summary Judgment was accompanied by an Affidavit which was "blatant and deliberate perjury"; that attorney Kressin represented to the Court the Answer was filed only one day late; attorney Kressin did not inform the Court of the "blatant perjury"; plaintiff was deprived of his "lawful rights" by what he perceived as an incorrect wording of an Order entered by the Court on August 26, 1999; that the Court ruled against him by not allowing him to present himself as an expert by affidavit to defend the summary judgment; that attorney Kressin misled him about the full scope of the matters to be heard on October 14, 1999, where defendants filed a Motion to Quash subpoenas of several attorneys issued by appellant; that attorney Hash in fact knew attorney Bray still represented appellant at the time when Bray's Affidavit stated he did not represent appellant; and that attorney Kressin knew that a Motion to Quash was not required under the rules of procedure because attorneys are exempt by statute. Finally, attorney Kressin failed to inform the Court of the "true nature" of the "false affidavit" upon which the Court based its ruling.

The Complaint seeks damages for civil conspiracy, fraud, and malicious harassment. In his appellate brief, plaintiff also seeks the relief of disbarment of all involved attorneys. A total of seven attorneys have been sued individually.

On appeal, plaintiff argues that the Trial Court erred in failing to recuse itself, because he was prejudiced against *pro se* litigants, and plaintiff in particular.

Litigants are entitled to the "cold neutrality of an impartial court." *Leighton v. Henderson*, 220 Tenn. 91, 414 S.W.2d 419, 421 (Tenn. 1967). The decision of whether recusal is warranted must in the first instance be made by the judge himself, and motions are addressed to the sound discretion of the Trial Court. *Owens v. State*, 13 S.W.3d 742 (Tenn. Crim. App. 1999).

It is incumbent upon the party challenging a judge's impartiality to come forward with evidence that would prompt a reasonable, disinterested person to believe that the judge's fairness could be reasonably questioned. Tenn. S.Ct. R. 10, Canon 3(E)(1). The mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal, nor the fact that a party takes offense at the court's assessment. *Davis v. Liberty Mutual Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. Ct. App. 2001); *State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995).

Appellant presents no basis in the record of the Trial Judge's bias. On the contrary,

he admitted the Judge's integrity and fairness. His singular ground for recusal is his belief that the Judge has a "bias in favor of professionals". The record, as a whole, demonstrates that plaintiff was treated with patience, restraint and given all reasonable opportunities to present his case. No partiality or appearance of partiality in favor of the defendants can be gleaned from this records. The issue is without merit.

Appellant next raises the issue that the Judge "ruled on the facts" instead of allowing the jury to do so. This issue is not reviewable in the context of this record, since the Trial Court dismissed the action for failure to state a claim upon which relief could be granted. This standard tests only the legal sufficiency of the complaint. The Court, in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997), explained:

> Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief.

*Id.* Whether a claim has been stated for purposes of a motion to dismiss is determined from examination of the complaint alone. *Walcotts Financial Sys. V. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). With respect to the allegation of a civil conspiracy, such a conspiracy is defined as a "combination between two or more persons to accomplish by concert an unlawful purpose or to accomplish a purpose not in itself unlawful by unlawful means". *Dale v. Thomas H. Temple Co.*, 208 S.W.2d 344, 347 (Tenn. 1948). No unlawful purpose was alleged in plaintiff's Complaint. Defendants were defending a malpractice lawsuit and testimony given in a judicial proceeding is absolutely privileged. *Farley v. Clayton*, 928 S.W.2d 931 (Tenn. Ct. App. 1996); *Buckner v. Carlton*, 623 S.W.2d 102 (Tenn. Ct. App. 1981); *Wilson v. Ricciardi*, 778 S.W.2d 450 (Tenn. Ct. App. 1989). All of the actions plaintiff perceives as part of the conspiracy against him were made in the course of judicial proceedings, and may not form the basis for an actionable claim for relief.

With respect to fraud, the essential elements require a false representation of a material fact, detrimental reliance thereon, and damages. *City State Bank v. Dean Witter Reynolds, Inc.,* 948 S.W.2d 779 (Tenn. Ct. App. 1996). Fraud involves an element of deception, and "if one knows the truth, and is not deceived, he is not defrauded." *Freeman v. Citizens' Nat'l Bank*, 70 S.W.2d 25, 29 (Tenn. 1934). Plaintiff's averments appear to be that certain representations were false. He does not allege elements of reliance or damages. The Complaint on its face fails to state the essential elements of a fraud claim.

With respect to his claim for malicious harassment, plaintiff has apparently abandoned this claim in his brief, and it need not be addressed.

Finally, plaintiff argues that he was denied the opportunity to make an oral argument on his Motion for Relief from the Judgment, based upon new evidence, contending that because he is *pro se* he should not be deprived of the rights available to litigants who have an attorney. There is no requirement in the rules of civil procedure that oral arguments be permitted on motions. The trial court has the discretion whether it will hear arguments or decide the issues on the pleadings. *Jerkins v. McKinney*, 533 S.W.2d 275, 279 (Tenn. 1979). *Also see Wiseman v. Spaulding*, 573 S.W.2d 490 (Tenn. Ct. App. 1978). Since the Trial Judge made no findings of fact, appellant's additional facts were irrelevant, and the Court did not err in denying the Motions. Plaintiff chose to attack the integrity, ethics, and professionalism of the judiciary and several members of the bar, but did not present a tenable legal position as to his allegations. The lower Court was courteous and lenient with plaintiff.

Appellees have asked for damages for frivolous appeal. Plaintiff's brief cites no legal authority to support his litany of perceived injustices, and does not comport with either the letter or the spirit of Tenn. R. App. P. 27, or Ct. App. Rule 6. *Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993). The brief fails to raise germane issues and is disrespectful and contemptuous of the Court. Moreover, the brief relies heavily on "facts" not of record which are not reviewable by this Court. There is no cogent legal argument, virtually no prospect of success on appeal, and if plaintiff were to prevail, it would require revolutionary changes in fundamental standards of appellate review. *See, Davis v. Gulf Ins. Group,* 546 S.W.2d 583 (Tenn. 1977).

Accordingly, we find that damages should be awarded on this frivolous appeal, and the cause is remanded for the Trial Court to establish damages pursuant to the statute. The cost of the cause is assessed to Jack Hutter.

_____
HERSCHEL PICKENS FRANKS, J.

-4-