IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 20, 2005

## CLAUDE L. GLASS v. GEORGE UNDERWOOD, JR.

**Appeal from the Circuit Court for Knox County**
**No. 3-436-04   Wheeler A. Rosenbalm, Judge**

**No. E2004-02871-COA-R3-CV  -  FILED JULY 18, 2005**

This is a legal malpractice case.  The plaintiff sued his former lawyer, claiming the lawyer was negligent in his representation of the plaintiff in a case involving alleged racial discrimination. Upon our finding that the defendant supported his motion for summary judgment with expert proof that he did not violate the applicable standard of care in his representation of the plaintiff and our further finding that the plaintiff submitted no expert proof that the defendant did violate the applicable standard of care, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Claude L. Glass, Knoxville, Tennessee, *pro se,* Appellant.

Stephen C. Daves, Knoxville, Tennessee, for the Appellee, George Underwood, Jr.

### OPINION

In November of 2000, the plaintiff/appellant, Claude L. Glass, retained the defendant/appellee, George Underwood, Jr., as his attorney to assist him in prosecuting a racial discrimination lawsuit against Broad Electric Service Company (hereinafter "BESCO") in the United States District Court for the Eastern District of Tennessee.  That lawsuit culminated in a jury verdict in favor of BESCO and, thereafter, the District Court granted Mr. Underwood's motion to withdraw as attorney of record in the case and Mr. Glass was given permission to proceed *pro se* and *in forma pauperis*.  A subsequent motion filed by Mr. Glass to vacate and set aside the jury verdict in favor of BESCO was denied as set forth in the District Court's memorandum and order entered December 13, 2002.

On July 16, 2004, Mr. Glass filed a complaint against Mr. Underwood in the Knox County Circuit Court for legal malpractice. The complaint asserts that, with regard to the District Court case, Mr. Glass "suffered the inconvenience of incurring expenses" and "lost a legal right, remedy or interest" as a result of the alleged "negligent or wrongful act[s]" of Mr. Underwood. The complaint further states the following:

> The Defendant during the term of his service as legal counsel to the Plaintiff failed to perform his duties diligently and failed to disclose to the Plaintiff, Jury and the Court matters of fact which were pertinent to the styled case. Due to the Defendant's failure to disclosed [sic] these facts an adverse decision resulted in the styled case before the Jury and the Court.
>
> The Defendant was aware of these matters of fact prior to and during the proceedings before the court but refused to or failed to disclose these matters of fact to the Plaintiff and Court.
>
> The Plaintiff discovered a right of action against the Defendant on December 1, 2003, when the Plaintiff became aware of the matters of fact sufficient to put a reasonable person on notice that he has suffered an injury as a result of the Defendant's wrongful act or negligent conduct.
>
> The matters of fact include but are not limited to the Defendant's knowledge of pertinent contents and facts that was [sic] submitted as evidence and exhibits during the proceedings before the Jury and Court on or about July 2002 and August 2002 and thereafter.
>
> The Defendant failed to object to the contents or adverse contents and matters of fact that was [sic] submitted as evidence and exhibits during the proceedings before the Jury and Court on or about July 2002, August 2002 and thereafter.
>
> The Defendant failed to disclose the matters of fact to the Plaintiff during the proceedings on or about July 2002, August 2002 and thereafter through October 2002.

In response to this complaint, on August 25, 2004, Mr. Underwood filed a motion for summary judgment which asserts that Mr. Glass's complaint should be dismissed because it is barred under the applicable statute of limitations[1] and because Mr. Underwood did not deviate from the

---

[1]Although Mr. Underwood's motion for summary judgment states that Mr. Glass's complaint is barred by the statute of limitations as set forth at T.C.A. § 28-3-104, the trial court did not grant the motion upon those grounds and the trial court's order does not address the assertion that Mr. Glass's complaint is barred by the statute of limitations. In this appeal, no issues are raised or addressed as to whether Mr. Glass's complaint was barred by the statute of limitations.

appropriate standard of care in his representation of Mr. Glass. The motion for summary judgment is supported by Mr. Underwood's affidavit which states as follows:

> I, George T. Underwood, Jr., am the defendant in the captioned case. I have been licensed to practice law in the State of Tennessee since 1988. By virtue of my education, training, and experience, I am familiar with the standard of care in Knox County for lawyers involved in the type litigation involved in this case. I make this affidavit of my own knowledge for the purpose of supporting a Motion for Summary Judgment.
>
> I represented Claude L. Glass in a race discrimination case against Mr. Glass's former employer, Broadway Electric Service Company (BESCO). The case was tried to a jury verdict in the United States District Court for the Eastern District of Tennessee. At the conclusion of the trial on July 29, 2002, the jury returned a verdict in favor of the defendant and against Mr. Glass. Mr. Glass was present in court when this verdict was returned.
>
> Pursuant to conversations between Mr. Glass and me, I filed a Motion to be Withdrawn as Attorney of Record and served a copy on Mr. Glass on November 4, 2004. The Court granted the Motion and entered a Memorandum and Order allowing the plaintiff to Proceed in Forma Pauperis on November 13, 2002. Proceeding pro se, the plaintiff filed a Motion to Vacate Judgment, which was denied. Attached is the Court's Memorandum and Order entered on December 13, 2002. Attached are copies of the Motion and Memorandum and Order as well as my supporting correspondence to Mr. Glass of October 15, 2002. After my withdrawal from the case I did not represent Mr. Glass any further.
>
> It is my opinion that in my preparation and trial of this case that I complied with the appropriate standard of care for lawyers in such litigation in the Knoxville, Knox County, Tennessee community. The pleadings were filed in the appropriate court of competent jurisdiction, necessary discovery was pursued, defendant's Motion for Summary Judgment was successfully opposed, appropriate witnesses were called to testify at trial and cross-examination was conducted of the defendant's witnesses. It is my opinion as a practicing attorney that there was no negligence on my part in the preparation and trial of this case.
>
> [Numbering in original omitted]

On October 15, 2004, after hearing argument of both parties, the trial court entered its order granting Mr. Underwood's motion for summary judgment and dismissed Mr. Glass's malpractice suit upon grounds that Mr. Glass "failed to present expert proof in opposition to the defendant's affidavit that asserted that there was no deviation from the standard of care on his part in his representation of Claude L. Glass." A subsequent motion

-3-

for new trial filed by Mr. Glass was overruled by order entered December 2, 2004, and this appeal followed.

The sole issue we address in this case is whether the trial court erred in granting Mr. Underwood's motion for summary judgment based upon the attestation in Mr. Underwood's affidavit that he did not deviate from the applicable standard of care in his representation of Mr. Glass.

The Tennessee Supreme Court summarized the standard by which we review a summary judgment in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88-89 (Tenn. 2000) as follows:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment contest are also well established . Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-211. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

In *Horton v. Hughes*, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998), we noted that in a suit for legal malpractice the plaintiff must present competent evidence showing:

(1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damage, and (4) that the breach proximately caused the plaintiff's damage. *When determining whether a lawyer breached a duty, the question becomes whether the lawyer failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by other attorneys practicing in the same jurisdiction. Except for obvious, common sense mistakes, establishing the applicable standard of care and determining whether a lawyer breached that standard require expert evidence.* (emphasis added) (citations omitted)

The requirement of expert proof in determining whether an attorney meets the applicable standard was also noted by this Court in *Cleckner v. Dale,* 719 S.W.2d 535, 540 (Tenn. Ct. App. 1986) wherein we stated that "whether a lawyer's conduct meets the applicable professional standards is generally believed to be beyond the common knowledge of laypersons." And in *Lazy Seven Coal Sales v. Stone & Hinds, P.C.,* 813 S.W.2d 400, 403 (Tenn. 1991), the Tennessee Supreme Court acknowledged that "[t]he varied nature of the practice of law underscores the necessity of expert proof intended to acquaint the finder of fact with the applicable professional standard in each case."

In his brief, Mr. Glass describes various matters related to his discrimination suit against BESCO that he alleges were not disclosed to him by Mr. Underwood. Mr. Glass also alleges that Mr. Underwood failed to address certain deficiencies in evidence presented by BESCO in that case and specifies evidence that he alleges Mr. Underwood failed to gather - all of which Mr. Glass indicates was necessary for the proper preparation of his case for trial. We deem that all of these allegations relate to the question of whether Mr. Underwood breached a duty to Mr. Glass by failing "to exercise the degree of care, skill, and diligence commonly possessed and exercised by other attorneys practicing in the same jurisdiction." As we have indicated, resolution of this issue required expert testimony. As a licensed attorney practicing in Knox County, Mr. Underwood is qualified as an expert to attest to the standard of care required of attorneys in his position and it is our determination that the above cited affidavit filed by Mr. Underwood stating that he "complied with

the standard of care for lawyers in such litigation in the Knoxville, Knox County, Tennessee community" was sufficient to shift the burden to Mr. Glass. Thereupon, Mr. Glass was required either to produce expert proof of his own that Mr. Underwood did breach the applicable standard of care or to produce proof that the alleged omissions of Mr. Underwood were clearly negligent as a matter of "common sense." The record does not indicate that Mr. Glass submitted any expert proof in opposition to Mr. Underwood's affidavit that he complied with the applicable standard of care. Mr. Glass does not assert that the alleged omissions of Mr. Underwood were obvious mistakes as a matter of common sense, and we do not otherwise find that they were. In the language of *McCarley v. West Quality Food Serv.,* as cited by the Court in *Staples v. CBL,* Mr. Underwood's affidavit "affirmatively negate[s] an essential element" of the malpractice suit - that Mr. Underwood breached the applicable standard of care. Mr. Glass has failed to create a genuine issue of material fact with respect to that element of the suit and, therefore, we hold that the trial court did not err in granting Mr. Underwood summary judgment.

Our decision in the instant matter is consistent with our opinion in *Hutter v. Cohen*, 55 S.W.3d 571 (Tenn. Ct. App. 2001). In that case, the plaintiff client also sued for legal malpractice and charged that the two defendant attorneys failed "to file motions, make court appearances, and follow strategies agreed upon between the parties." *Id.* at 574. Each of the two defendant attorneys filed an affidavit in which he attested that in his professional opinion he had not deviated from the accepted standard of care for attorneys practicing law in the county where the action arose. The plaintiff responded with his own affidavit stating that in his opinion based upon his own attendance of, although not graduation from, law school, his discussions with other attorneys in the county, and his familiarity with the facts of the case, that the defendants had deviated from the applicable standard of care. We concluded that the actions and skill required of the defendants was a matter beyond the common knowledge of a layperson, and we affirmed the trial court's summary judgment based upon its acceptance of the defendants' affidavits that they had exercised the skill required of them in their representation of the plaintiff and its determination that the plaintiff "had not created a disputed issue in that his affidavit did not demonstrate his competence as a witness to offer a contrary opinion."

Mr. Glass contends that the affidavit submitted by Mr. Underwood in support of his motion for summary judgment does not meet the criteria set forth in Tenn. R. Civ. P. 56.06 which provides that "affidavits shall be made on personal knowledge, such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Mr. Glass apparently argues that Mr. Underwood's competency to testify as an expert as to the applicable standard of care is belied by Mr. Underwood's placement of a public advertisement which states that he is "[n]ot certified as a civil trial or estate planing specialist by the Tennessee Commission on Continuing Education and Specialization." We disagree.

Tenn. Sup. Ct. R. 8, RPC 7.1, (2004) prohibits an attorney from making a false or misleading communication about him or herself or about his or her services. Tenn. Sup. Ct. R. 8, RPC 7.4, (2004) further provides that an attorney shall not state that he is certified as a specialist in a field of law if he has not been so certified by the Tennessee Commission on Continuing Legal Education and

Specialization. Comments to RPC 7.4 state that "[t]he certification procedures are designed to require that the lawyer demonstrate a higher degree of specialized ability and experience than is suggested by general licensure to practice law." Mr. Underwood is a licensed attorney in good standing, and his disclosure that he has not been certified as a specialist does not in any way negate his competency to testify as to the standard of care applicable to those in his profession. He need not have demonstrated "a higher degree of specialized ability and experience than is suggested by general licensure to practice law" in order to testify as to that standard.

Mr. Glass also contends that Mr. Underwood's affidavit lacks trustworthiness because it incorrectly refers to BESCO as "Mr. Glass's former employer" and incorrectly states that Mr. Underwood served a copy of his withdrawal as attorney of record on Mr. Glass on November 4, 2004. The record confirms that BESCO was not Mr. Glass's employer - his case against BESCO arose out of BESCO's refusal to employ him. The record also confirms that Mr. Underwood's motion to withdraw as Mr. Glass's attorney was actually served upon Mr. Glass on November 4, 2002, rather than November 4, 2004. However, while we acknowledge that Mr. Underwood's affidavit does contain these misstatements, we find them to be inconsequential and they do not diminish the affidavit's probative value as to whether Mr. Underwood adhered to the requisite standard of care in his representation of Mr. Glass in the suit against BESCO.

Finally, Mr. Glass argues that "motions to quash subpoenas submitted by the defendant and his colleagues is competent summary judgment evidence that a 'genuine issue of material fact' exists and that summary judgment was inappropriate." In the context of this argument, Mr. Glass references a motion to quash filed by attorney Lawrence P. Leibowitz who served as mediator in the discrimination suit against BESCO. Mr. Glass cites Mr. Leibowitz's assertion in that motion that documents which the subpoena ordered that Mr. Leibowitz bring to court have never been in Mr. Leibowitz's possession. The documents referred to are documents which Mr. Glass contends should have been submitted to Mr. Leibowitz by Mr. Underwood during the course of the discrimination suit. This motion was later sustained by the trial court, although it is unclear whether the motion was sustained upon this ground or upon the alternate ground urged by Mr. Leibowitz in his motion that anything he learned as a mediator in the case would be inadmissible in a subsequent court hearing. However, even if these pleadings do show that the documents in question were not provided to Mr. Leibowitz by Mr. Underwood, this does not also constitute proof that failure to provide these documents was a breach of Mr. Underwood's professional duty. Other than his reference to the cited language in Mr. Leibowitz's motion, Mr. Glass does not indicate grounds for his argument that the other motions to quash create a genuine issue of material fact as to whether Mr. Underwood met the applicable standard of care.

For the foregoing reasons, we affirm the judgment of the trial court and remand for collection of costs. Costs on appeal are adjudged against the plaintiff/appellant, Claude L. Glass.

_____
SHARON G. LEE, JUDGE

-7-