NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0069n.06
Filed: January 22, 2008

No. 06-6516

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STEVEN T. DORROUGH; JAYME DORROUGH, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED STATES |
| Plaintiffs-Appellants, | ) | DISTRICT COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | |
| T. LYNN TARPY; HAGOOD, TARPY & COX; EDWARD SHULTZ, | ) ) | |
| | ) | |
| Defendants-Appellees. | | |

Before: KEITH and ROGERS, Circuit Judges; ALDRICH, District Judge.[*]

**ANN ALDRICH, District Judge.** Plaintiffs-Appellants Steven and Jayme Dorrough (the "Dorroughs") brought a legal malpractice action under Tennessee state law against defendants-appellees T. Lynn Tarpy, Edward Shultz, and Hagood, Tarpy & Cox, PLLC (collectively "defendants"), who provided legal representation for the Dorroughs. The United States District Court for the Eastern District of Tennessee granted summary judgment in favor of all defendants. The Dorroughs now appeal the grant of summary judgment. Because the Dorroughs failed to produce any expert affidavit establishing the applicable duty of care, the district court's grant of summary judgment for the defendants is affirmed.

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

## I.  Background

Defendants provided legal representation to the Dorroughs, who now allege that defendants' motion practice, trial strategy, and communication of settlement offers fell below the applicable standard of care for legal representation.  The question on appeal is whether the Dorroughs established the applicable standard of care through expert affidavits.

The Dorroughs filed their complaint on March 4, 2005.  Shultz filed his motion for summary judgment on November 30 of that year, and Tarpy and Tarpy, Hagood & Cox filed their motion for summary judgment on December 12, 2005. On December 22, 2005, the Dorroughs moved for an extension of time to reply to the motions for summary judgment. The court granted the Dorroughs' motion and stated that it would establish the deadline for their response at a scheduling conference. After the scheduling conference on January 17, 2006, the court issued a scheduling order, which established that all dispositive motions must be filed by July 24, 2006, that plaintiffs had to disclose any experts by May 16, 2006, that the final pretrial conference would be held on September 25, 2006, and trial would begin on October 10, 2006.  The order did not, however, specifically address when the Dorroughs had to reply to the motions for summary judgment.

The Dorroughs did not reply to the motions for summary judgment, nor did they request further clarification of the deadline.  On May 26, 2006, defendants filed their second motion for summary judgment. The Dorroughs neither responded nor asked the district court for additional time to respond. On September 12, 2006, the district court granted defendants' motions for summary judgment, which the Dorroughs now appeal.

## II.  Discussion

This court reviews the "District Court's decision granting summary judgment de novo, using the same standards applied by the District Court. . . . Summary judgment is proper if the evidence submitted shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Davis v. Sodexho*, 157 F.3d 460, 462 (6th Cir. 1998) (citations omitted).

> To establish a legal malpractice claim under Tennessee law, the Dorroughs must prove:
>
> (1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). Further, "[i]n a legal malpractice action, expert testimony is required to establish negligence and proximate cause unless the alleged malpractice is within the common knowledge of laymen." *Rose v. Welch*, 115 S.W.3d 478, 484 (Tenn. Ct. App. 2001). The Tennessee courts have further held that attorneys' trial strategies and motions practice are "beyond the common knowledge of laymen." *Hutter v. Cohen*, 55 S.W.3d 571, 575 (Tenn. Ct. App. 2001). As to communication of settlement offers, "[t]he lawyer's standard of care, except in the most extreme cases, should be proved using expert testimony." *Cleckner v. Dale*, 719 S.W.2d 535, 540 (Tenn. Ct. App. 1986).

Here, the Dorroughs alleged that defendants' motion practice, trial strategy, and communication of settlement offers fell below the applicable standard of care. Under *Hutter*, the Dorroughs must produce an expert to establish the standard of care for trial strategies and motions practice. Similarly, under *Cleckner*, the Dorroughs must produce an expert to establish the standard of care for communicating settlement offers, except in the most extreme cases. The Dorroughs failed

to produce any expert testimony of the applicable standards of care, and failed to allege facts sufficient to show that the failure to communicate a settlement offer in this case was extreme enough to render expert testimony unnecessary.

Because the Dorroughs have failed to submit any expert affidavits to establish the standard of care, as required under Tennessee law, there is no genuine issue of material fact and summary judgment is appropriate. Furthermore, the Dorroughs failed to submit their list of expert witnesses pursuant to Rule 26(a)(2) by May 16, 2006, as required by the scheduling order, and still had not filed their list by the time the district court granted summary judgment. Even if the Dorroughs were to locate an expert for trial, they would likely be barred from introducing testimony of that expert at trial under Rule 37(c)(1), preventing them from establishing a prima facie case of legal malpractice.

Finally, the Dorroughs contend that the district court should not have ruled upon defendants' motions for summary judgment because the Dorroughs still intended to take depositions. At best, the Dorroughs simply misunderstood the nature of federal procedure and the weight of court orders and deadlines. Such a misunderstanding, however, is not grounds for appellate relief.

**III. Conclusion**

For the reasons discussed above, the district court's order granting summary judgment for the defendants is affirmed.