# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

January 30, 1998

Cecil W. Crowson
Appellate Court Clerk

WILLIAM H. HORTON,           )
                             )
    Plaintiff/Appellant,     )   Davidson Circuit
                             )   No. 93C-3893
VS.                          )
                             )   Appeal No.
DENNIS HUGHES,               )   01A01-9601-CV-00045
                             )
    Defendant/Appellee.      )


APPEAL FROM THE DAVIDSON COUNTY CIRCUIT COURT
AT NASHVILLE, TENNESSEE


THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE


For Plaintiff/Appellant:                 For Defendant/Appellee:

William H. Horton                       Gregory D. Smith
Pro Se                                 Clarksville, Tennessee


# AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

## **O P I N I O N**

This is the second appeal involving a prisoner's malpractice claim against the lawyer who represented him in a criminal proceeding that led to his conviction for possession of cocaine with intent to sell. Following his incarceration, the prisoner filed suit against his former lawyer in the Circuit Court for Davidson County. The trial court dismissed the complaint on statute of limitations grounds, but this court reinstated one claim because it could have occurred within the limitations period. On remand, the trial court granted the lawyer's motion for summary judgment because of the prisoner's inability to present admissible expert proof that the lawyer had deviated from the applicable standard of professional care. We affirm the summary judgment.

## I.

In November 1992, William H. Horton was convicted by a Davidson County jury of possessing more than twenty-six grams of a substance containing cocaine with intent to resell. Accordingly, on February 17, 1993, the judge sentenced him to serve twenty-one years in the state penitentiary.[1] On December 12, 1993, Mr. Horton filed a pro se malpractice complaint in the Circuit Court for Davidson County against Dennis Hughes, the attorney who had represented him in the criminal trial. The circuit court determined that the complaint was barred by the statute of limitations and dismissed the complaint; however, this court reinstated one claim alleging that Mr. Hughes had "neglected to communicate with [Mr. Horton] during the new trial process in which [Mr. Horton] lost some of his rights on appeal." *Horton v. Hughes*, App. No. 01A01-9410-CV-00459, 1995 WL 70578, at *2 (Tenn. Ct. App. Feb. 22, 1995) (No Tenn. R. App. P. 11 application filed).

After the case was remanded, Mr. Hughes moved for a summary judgment supporting his motion with his affidavit and the affidavits of three other lawyers. These affidavits stated that Mr. Hughes's conduct during and after the filing of the

---

[1]Mr. Horton's conviction was later affirmed on appeal. *See State v. Horton*, App. No. 01C01-9312-CR-00435, 1994 WL 548750 (Tenn. Crim. App. Oct. 6, 1994), *perm. app. denied* (Tenn., Jan. 30, 1995).

motion for new trial in the criminal proceeding was consistent with the applicable standard of care. Mr. Hughes also filed the original and amended new trial motions, as well as an uncertified copy of the transcript of the hearing in criminal court regarding the motions. In response to Mr. Hughes's motion, Mr. Horton filed his own affidavit along with Mr. Hughes's responses to requests for admissions. While the trial court observed that a lawyer's failure to communicate with a client during the preparation and presentation of a motion for new trial could amount to a violation of Tenn. S. Ct. R. 8, DR 7-101, the trial court determined that Mr. Hughes had not violated the Code of Professional Responsibility or breached any applicable standard of care.

## II.

The principles governing appellate review of summary judgments are well-established. Summary judgments enjoy no presumption of correctness on appeal. *See City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995). We must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997); *Hembree v. State*, 925 S.W.2d 513, 515 (Tenn. 1996). In doing so, we must view the evidence in a light most favorable to the nonmoving party, and we must draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997).

Summary judgments are appropriate only when there are no genuine material factual disputes with regard to the claim or defense embodied in the motion and when the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Carvell v. Bottoms*, 900 S.W.2d at 26. A party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case, *see Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn. 1993), because the failure of proof on an essential element of a claim necessarily renders all other facts immaterial. *See Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

**III.**

Mr. Horton bears the burden of proving all the essential elements of his legal malpractice claim. In order to make out a prima facie legal malpractice claim, he must present competent evidence showing (1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damage, and (4) that the breach proximately caused the plaintiff's damage. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 403 (Tenn. 1991); *Blocker v. Dearborn & Ewing*, 851 S.W.2d 825, 827 (Tenn. Ct. App. 1992). When determining whether a lawyer breached a duty, the question becomes whether the lawyer failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by other attorneys practicing in the same jurisdiction. *See Cleckner v. Dale*, 719 S.W.2d 535, 540 (Tenn. Ct. App. 1986). Except for obvious, common sense mistakes, establishing the applicable standard of care and determining whether a lawyer breached that standard require expert evidence. *See Blocker v. Dearborn & Ewing*, 851 S.W.2d at 827; *Cleckner v. Dale*, 719 S.W.2d at 540.

The evidence is undisputed that Mr. Hughes had little or no contract with Mr. Horton between Mr. Horton's sentencing and the preparation and presentation of Mr. Horton's motions for new trial.[2] Mr. Horton asserts that this lack of contact was negligent and improper because it led to Mr. Hughes's failure to include "potential appellate issues" in his motions for new trial. Thus, the question before us is whether Mr. Horton has demonstrated that he will be able to introduce competent evidence to substantiate this claim.

Mr. Hughes states in his affidavit supporting the summary judgment motion that he included "all known or legitimate new trial issues in Mr. Horton's new trial motion[s]" and that this conclusion is based on his knowledge of Mr. Horton's case and eight years of representing clients in criminal cases. Mr. Hughes's conclusion is buttressed by the opinion of Terry J. Canady, the lawyer who represented Mr. Horton on the appeal of his criminal conviction, who stated that the original and

---

[2]Mr. Horton asserts that the record contains a material factual dispute concerning the extent of post-trial contact between Mr. Horton and Mr. Hughes because Mr. Hughes stated in answers to requests for admissions that he did not remember whether he had personal contact with Mr. Horton between the sentencing and the presentation of the motion for new trial. This does not create a material factual dispute under our view of the case.

amended new trial motions presented all rational and legitimate new trial issues supported by the record. Two other experienced lawyers submitted affidavits concluding that most criminal defense attorneys have little or no contact with their clients between sentencing and the preparation and presentation of a motion for new trial and that the preparation of a motion for new trial focuses primarily on the trial record and on legal research and analysis.

Taken together, these affidavits demonstrate that Mr. Hughes prepared Mr. Horton's new trial motions in a manner consistent with the way that competent, experienced practitioners prepare and present motions for new trial in criminal cases. This evidence was sufficient to shift the burden of going forward with the evidence back to Mr. Horton. He was required to demonstrate that he would effectively rebut the expert conclusions of Mr. Hughes and his witnesses either by presenting expert witnesses of his own or by demonstrating that Mr. Hughes's conduct was so plainly negligent that expert evidence was not required.

Mr. Horton presented no expert evidence to counter the conclusions in the affidavits supporting the motion for summary judgment. Mr. Horton is not a lawyer, and, accordingly, his personal conclusions about Mr. Hughes's representation are inadmissible. *See* Tenn. R. Evid. 701(a)(1); *City Sav. Bank v. Kensington Land Co.*, 37 S.W. 1037, 1039 (Tenn. Ch. App. 1896) (stating that a person not shown to be learned in the law ordinarily is not considered a competent witness to testify about matters of law); Neil P. Cohen et al., *Tennessee Law of Evidence* § 701.3 (3rd ed. 1995). Accordingly, Mr. Horton's affidavit fails to meet the requirements of Tenn. R. Civ. P. 56.06.

While communication between a lawyer and client should be encouraged, it is not legal malpractice per se for a lawyer and client not to speak with each other for four months. At this stage of the proceeding, it was incumbent on Mr. Horton to present competent evidence that he had something of colorable merit to communicate to his lawyer and that his legal rights were prejudiced by Mr. Hughes's failure to communicate with him. Since Mr. Horton has failed to produce this evidence, we agree with the trial court's conclusion that Mr. Horton has failed to demonstrate that Mr. Hughes's preparation and presentation of the motions for new trial deviated from any applicable standard of care.

## IV.

Mr. Horton has also requested the court to reconsider our earlier opinion affirming the dismissal of several of his claims on the ground that they were time-barred. Tenn. R. App. P. 39(b) requires parties seeking a rehearing to present their petition within ten days after the entry of the appellate court's judgment. Our original opinion in this case was filed on February 22, 1995. Mr. Horton did not seek a rehearing at that time and did not file an application for permission to appeal. Thus, we entered the mandate in this case on April 5, 1995. Our earlier decision has now become the law of the case and thus is beyond reach of Mr. Horton's belated request for reconsideration.

## V.

We affirm the summary judgment dismissing Mr. Horton's remaining malpractice claim against Mr. Hughes and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to William H. Horton for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE