IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JUNE 7, 2000

## STEPHEN R. STAMPS v. VICTORIA L. DIBONAVENTURA

**Direct Appeal from the Circuit Court for Henry County**
**No. 1360; The Honorable Julian P. Guinn, Judge**

_____

**No. W1999-00534-COA-R3-CV - Filed October 11, 2000**

_____

This case arises from the Appellee's legal representation of the Appellant in a Petition for Post Conviction Relief. The Appellant's Petition was denied by the Criminal Court of Henry County and the Court of Criminal Appeals. After denial of his Application for Permission to Appeal by the Tennessee Supreme Court, the Appellant filed a Complaint of Legal Malpractice with the Circuit Court of Henry County. The trial court dismissed the Appellant's Complaint following a Motion to Dismiss filed by the Appellee. The Appellant appeals from the dismissal of his Complaint filed in the Circuit Court of Henry County. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Stephen R. Stamps, *pro se*

Victoria L. Dibonaventura, *pro se*

**OPINION**

**I. Facts and Procedural History**

The Appellant, Stephen R. Stamps, is an inmate in the lawful custody of the Tennessee Department of Correction. At all times relevant to this appeal, Mr. Stamps has been incarcerated at the Minimum Security Complex of West Tennessee State Penitentiary in Henning, Tennessee.

On May 1, 1995, Mr. Stamps filed a Petition for Post Conviction Relief with the Criminal Court of Henry County. The Appellee, Victoria L. DiBonaventura, was appointed on May 18, 1995 to represent Mr. Stamps. On January 4, 1996, the trial court entered an order denying Mr. Stamps'

Petition. Mrs. DiBonaventura filed a Notice of Appeal to the Court of Criminal Appeals in Jackson, Tennessee on January 31, 1996.

On April 20, 1998, Mr. Stamps requested by letter from Mrs. DiBonaventura the status of his appeal, a copy of the State's brief, and a copy of the State's answer to the Petition for Post Conviction Relief. Mr. Stamps' sister, Tina Enoch, contacted Mrs. DiBonaventura's receptionist on or about May 15, 1998 and informed her that Mr. Stamps needed an answer to his letter. On or about May 27, 1998, Mr. Stamps received a letter from Mrs. DiBonaventura dated May 22, 1998, a copy of the State's brief, and a copy of the State's answer to the Petition for Post Conviction Relief. In her letter, Mrs. DiBonaventura stated that she periodically checked with the Court of Criminal Appeals as to the status of Mr. Stamps' case.

On June 29, 1998, Mrs. DiBonaventura mailed Mr. Stamps a notice, mandate, judgment, and decision handed down by the Court of Criminal Appeals on March 27, 1998 which affirmed the trial court's decision. Mrs. DiBonaventura stated that she had not mailed this sooner because she had been on vacation the first two weeks of June. Confusing the date of decision, Mrs. DiBonaventura informed Mr. Stamps that he had sixty days from *May* 27, 1998 instead of March 27, 1998 to file an Application to Appeal to the Tennessee Supreme Court.

Mrs. DiBonaventura filed a motion with the Court of Criminal Appeals for an order allowing the time from which the Appellant may file an Application for Permission to Appeal to the Tennessee Supreme Court to begin on June 1, 1998 rather than March 27, 1998. Mrs. DiBonaventura asserted that she was not aware of the court's March 27, 1998 judgment and opinion until June 1, 1998 when the mandate issued to the trial court. The court noted in its Order that Mrs. DiBonaventura failed to apprise the court clerk's office of her change of business address. The court further stated, however, that the clerk's office notified Mr. Stamps that he would receive a copy of the opinion when it was filed, yet the record reflected that a copy was never sent to him. Because the failure to seek timely supreme court review was due to no fault of Mr. Stamps, the Court of Criminal Appeals ordered that the March 27, 1998 judgment be vacated and reinstated as of the date of the filing of its order, August, 10, 1998.

Mrs. DiBonaventura filed, on behalf of Mr. Stamps, an Application for Permission to Appeal to the Tennessee Supreme Court on August 10, 1998. On January 4, 1999, the Tennessee Supreme Court denied the Application. Mrs. DiBonaventura informed Mr. Stamps on January 8, 1999 as to the court's denial, and she notified Mr. Stamps that she would be closing her file accordingly.

On June 1, 1999, Mr. Stamps filed a Complaint of Legal Malpractice in the Circuit Court of Henry County. Mr. Stamps asserted that Mrs. DiBonaventura was negligent while representing Mr. Stamps in violation of his rights under the Tennessee Constitution, the United States Constitution, and the Code of Ethics of the State of Tennessee Bar for Attorneys. On June 25, 1999, Mrs. DiBonaventura filed a Motion to Dismiss for Failure to State a Claim upon which Relief can be

Granted.[1]  On August 12, 1999, the trial court dismissed Mr. Stamps' Complaint.  The court found that though Mr. Stamps alleged that Mrs. DiBonaventura failed to timely petition the Tennessee Supreme Court, she took the appropriate steps to obtain an extension of time, proper pleadings were filed, and the Tennessee Supreme Court denied review.   This appeal followed.

## II.  Standard of Review

This case is on appeal from the trial court's dismissal of Mr. Stamps' suit for failure to state a claim upon which relief can be granted.  See Tenn. R. Civ. P. 12.02(6).  A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of the plaintiff's evidence.  See Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999).  The motion admits the truth of all relevant and material averments in the complaint but asserts that such facts are insufficient to state a claim as a matter of law.  See Winchester v. Little, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1998).

In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true.  See Stein v. Davidson Hotel, 945 S.W.2d 714, 716 (Tenn. 1997); Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn. 1997).  The motion should be denied "unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief."  Stein, 945 S.W.2d at 716. As the allegations of fact are taken as true, the issues raised on motion to dismiss are questions of law and the scope of review is *de novo* with no presumption of correctness.  See Tenn. R. App. P. 13(d).

## III.  Law and Analysis

The plaintiff bears the burden of proving all the essential elements of a legal malpractice claim.  In order to make out a prima facie claim of legal malpractice, the plaintiff must present evidence showing that (1) the defendant attorney owed a duty to the plaintiff; (2) the attorney breached that duty; (3) the plaintiff suffered damages; and (4) the breach proximately caused the plaintiff's damage.  See Horton v. Hughes, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998).

In the case at bar, the only issue we find dispositive is whether Mr. Stamps suffered damages. A plaintiff cannot recover for a defendant's negligence when the plaintiff suffered no injury as a result.  See Wood v. Parker, 901 S.W.2d 374, 381 (Tenn. Ct. App. 1995); Bowling v. Hamblen County Motor, 66 S.W.2d 229, 232 (Tenn. Ct. App. 1932).   Mr. Stamps points to Mrs. DiBonaventura's failure to notify the appellate court clerk of her change of business address and failure to file a timely application for permission to appeal with the Tennessee Supreme Court as

---

[1]See Tenn. R. Civ. P. 12.02(6).

violations of the Code of Professional Responsibility.[2]  Mrs. DiBonaventura's failure to notify the appellate court clerk of her change of business address was a factor in her failure to file a timely application to the Tennessee Supreme Court.  Nevertheless, the Court of Criminal Appeals granted an extension of time to perfect the appeal.  At that point, Mrs. DiBonaventura properly filed an Application for Permission to Appeal with the Tennessee Supreme Court.  The Tennessee Supreme Court's denial of the Application was unrelated to Mrs. DiBonaventura's failure to file a timely appeal.  Mr. Stamps fails to establish that he suffered damages due to such conduct.

It appears to this court that Mr. Stamps has attempted to base a legal malpractice claim on facts which, if true, may constitute a violation of the Code of Professional Responsibility.  Even assuming a violation, however, Mr. Stamps cannot base his claim solely upon a violation of the Code.  See Lazy Seven Coal Sales v. Stone & Hinds, 813 S.W.2d 400, 404-05 (Tenn. 1991). Without establishing the element of damages, Mr. Stamps cannot state a prima facie claim of legal malpractice.

## IV.  Conclusion

For the foregoing reasons, the decision of the trial court is affirmed.  Costs of this appeal are taxed against the Appellant, Stephen R. Stamps, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[2]Specifically, Mr. Stamps refers in his brief to Disciplinary Rules 1-102, 6-101, and 7-101.  Mr. Stamps also makes reference to Canon 6 and Ethical Considerations 6-1 and 6-5.

Mr. Stamps also argues in his brief that Mrs. DiBonaventura filed a false and misleading affidavit with this Court.  Mrs. DiBonaventura stated in her Affidavit that Mr. Stamps' Uniform Civil Affidavit of Indigency was filed at the same time as the Notice of Appeal.  Per the record, however, Mr. Stamps' Affidavit was filed at the same time as his Complaint for Legal Malpractice.  We find the mistake in Mrs. DiBonaventura's affidavit to be a simple oversight, and Mr. Stamps' argument to be wholly meritless.