# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 24, 2005

## GREGORY NORMAN v. THOMAS C. COLEMAN, JR.

### Appeal from the Circuit Court for Fentress County
### No. 7745    James B. Scott, Jr., Judge

---

### No. M2004-01427-COA-R3-CV - Filed December 6, 2005

---

Former client appeals summary judgment dismissing his malpractice claim against former attorney and refusal of trial judge hearing malpractice case by interchange to grant recusal request. We affirm the trial court on both issues.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Gregory Norman, Jamestown, Tennessee, appellant, Pro Se.

Linda J. Hamilton Mowles, Knoxville, Tennessee, for the appellee, Thomas C. Coleman, Jr.

### MEMORANDUM OPINION[1]

### I. FACTS

In April of 2005 Greg Norman, acting *pro se*, sued his former attorney, Thomas C. Coleman, in General Sessions for legal malpractice seeking to recover $4,168.23. The matter was transferred to Circuit Court in Fentress County when Mr. Norman increased his demand to $300,000. Originally Judge Troutman was assigned the case, but he recused himself due to his personal knowledge and

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

familiarity with one of the parties. Judge Scott from Anderson County heard the matter by interchange.

## a) Alleged Malpractice in Transport South, Inc. Lawsuit

Since there is no complaint in the record, only a civil warrant, we are forced to extricate from the record the basis of Mr. Norman's action. Apparently, Mr. Norman alleges he hired Mr. Coleman to defend him in a lawsuit brought by Transport South, Inc. against Mr. Norman and his corporation, NOC Enterprises, Inc. ("NOC"). The charter of NOC had been revoked. Mr. Norman does not deny that Transport South was entitled to recover, but believed the $4,168.23 debt was owed by the defunct NOC and was not his personal debt. Mr. Norman maintains he hired Mr. Coleman to reinstate NOC to avoid personal liability on the debt owed Transport South, Inc. It is undisputed that the corporation was not reinstated and that Mr. Coleman did not respond timely to Requests to Admit propounded by Transport South, Inc. that were deemed admitted by the court in the Transport South suit. According to Mr. Norman, the failure of Mr. Coleman to reinstate the corporation and respond to the Requests to Admit resulted in a judgment against Mr. Norman personally for $4,168.23.

The parties agree that the corporation was formed by Mr. Norman in February of 1991 and administratively dissolved in September of 1993 by the Tennessee Secretary of State for failure to file reports and failure to pay franchise and excise tax and sales and use tax. It appears that the debt to Transport South, Inc. was incurred after the corporation had been dissolved.

The crux of Mr. Norman's complaint is that if Mr. Coleman had reinstated the corporation, then NOC would have shielded him from liability and, as a result, the Requests to Admit should have been answered to reflect this. Mr. Norman signed a response to Transport South's Request to Admit that was not accepted by the trial court because it was untimely. In effect, in the version signed by Mr. Norman but rejected by the court, Mr. Norman admitted all the facts in the Request except he maintained the debt was owed by NOC and not him personally. However, Mr. Norman acknowledged in his deposition that he could not pay amounts necessary to reinstate the corporation. His testimony on the issue is as follows:

Q. . . . well, first on NOC Enterprises, Inc., you didn't want to pay anything else for the cooperaton (sic); did you?

A. Not until I collected the money that was owed me.

Q. That was Pat Norman [his mother]?

A. Yes.

**b) Denial of Motion to Recuse Judge Scott**

While the record is not complete, it appears from Judge Scott's orders in this case that Mr. Norman objected to Judge Scott because Judge Scott held court in Anderson County, not in Fentress County where the lawsuit was originally filed.[2]  The trial court denied Mr. Norman's motion to recuse Judge Scott on October 2003.

**c) Summary Judgment Granted**

On May 17, 2004, the trial court entered an order granting Mr. Coleman's request for summary judgment without elaboration or providing its rationale.  Mr. Norman appeals arguing that the trial court's judgment should be reversed because Judge Scott should not have heard the matter by interchange and the trial court erred in granting the motion.

## II. STANDARD OF REVIEW

Our review of a trial court's summary judgment is *de novo* with no presumption of correctness since the trial court's decision is a question of law.  *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001).  Summary judgment should be granted only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.  *Webber v. State Farm Mutual Automobile Insurance Company*, 49 S.W.3d 265, 269 (Tenn. 2001).  We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor.  *Doe v. HCA Health Services, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001).

## III. ANALYSIS

**A.  Challenge to Interchange**

As a preliminary matter, Mr. Norman argues that it was not proper for Judge Scott of Anderson County to hear this matter when it was filed in Fentress County.  We disagree.

The Rules of Tennessee Supreme Court address how judges are to be substituted when the need arises.  In the event a judge is unable to preside over a matter, the judge is to seek interchange pursuant to Tenn. Code Ann. § 17-2-201 *et seq.*  Tenn. R. Sup. Ct. 11, § VII(c).  Tenn. Code Ann. § 17-2-202 provides judges have a duty to interchange if there is cause or if two (2) judges "have agreed to a mutually convenient interchange."  When there is an interchange, "the judge . . . holding court in the circuit or division of another, shall have the same power and jurisdiction as the judge . . . in whose place the judge . . . is acting."  Tenn. Code Ann. § 17-2-206.  The statutes do not require consent of the litigants.

---

[2]If Mr. Norman filed a motion in this regard, it is not a part of the record.

Therefore, Judge Scott was authorized to hear this matter by interchange and appropriately denied Mr. Norman's request. Further, we find no authority under which the decision to hold the summary judgment hearing in Anderson County could provide a basis for reversal of the trial court's judgment.[3]

**B. Challenge to Order Granting Summary Judgment**

In order to prove legal malpractice, the plaintiff must show that (1) the defendant attorney owed a duty to plaintiff; (2) the attorney breached that duty; (3) the plaintiff suffered damages; and (4) the breach proximately caused the plaintiff's damage. *Horton v. Hughes*, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998). In this matter, however, Mr. Norman's own testimony and admissions prove that Mr. Coleman did not breach any duty owed Mr. Norman.

Mr. Norman argues that it was legal malpractice by Mr. Coleman to fail to reinstate NOC as a corporation and to fail to answer the Requests to Admit stating that NOC owed the debt. As already noted, Mr. Norman has acknowledged that his only objection to the Requests to Admit deemed admitted was that NOC owed the debt and not him. Therefore, if Mr. Coleman was not at fault for failing to reinstate NOC, then the Requests to Admit as deemed admitted were true and untainted by any mistake by Mr. Coleman.

Mr. Coleman argues that since Mr. Norman acknowledged that he was unwilling to pay the taxes and penalties owed by NOC, then Mr. Coleman was powerless to reinstate the corporation. In order to reinstate a corporation that has been administratively dissolved, it is required that the application for reinstatement, among other things, be accompanied by a certificate from the Commissioner of Revenue that the corporation has paid all taxes and penalties. Tenn. Code Ann. § 48-24-203(a). Mr. Norman acknowledges in his deposition that he was not prepared to make these payments. Since Mr. Norman was not able or willing to clear the taxes owed by NOC, Mr. Coleman could not reinstate the corporation. Therefore, Mr. Coleman breached no duty that caused damage to Mr. Norman.[4]

It necessarily follows then that the Requests to Admit deemed admitted by the court in the Transport South action were, in fact, accurate. Therefore, the judgment against Mr. Norman by Transport South, Inc. was not the result of malfeasance by Mr. Coleman. Assuming that

---

[3]In the hearing transcript, Judge Scott indicated a willingness to hear the matter in Fentress County if it went to trial for the convenience of the parties and witnesses. The matter was decided on summary judgment with Mr. Norman and counsel for Mr. Coleman present for the motion hearing. At no time did Mr. Norman allege that he was unable, either physically or financially, to attend proceedings in Anderson County. Under these circumstances, we do not believe Mr. Norman suffered any prejudice or suffered a change of venue as a consequence of the exchange.

[4]On appeal, Mr. Norman argues that Mr. Coleman breached a duty to him by failing to inform him that payment of the taxes was necessary to reinstate the corporation. Reading the record as a whole, it appears Mr. Norman was aware of the reason the corporation was dissolved. Furthermore, in his deposition, Mr. Norman did not blame his non-payment of the taxes on ignorance but, rather, the need to collect money from his mother.

reinstatement of NOC could be effective retroactively so that it could shield Mr. Norman from liability, the judgment against Mr. Norman was the result of Mr. Norman's failure to pay the amounts necessary to the Commissioner of Revenue so that the corporation reinstated, not failure to act by Mr. Coleman.

There being no issue of material fact by virtue of Mr. Norman's admissions, we affirm the trial court. Costs are assessed against the appellant, Gregory Norman, for which execution may issue if necessary

_____
PATRICIA J. COTTRELL, JUDGE