IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2020

## FAYE RENNELL HOBSON v. JOSHUA A. FRANK, ET AL

**Appeal from the Circuit Court for Davidson County**
**No. 19C-1146      Amanda Jane McClendon, Judge**

_____

### No. M2019-01556-COA-R3-CV

_____

This appeal involves a legal malpractice suit. Previously, the defendants represented the plaintiff in a federal failure to hire case. In the federal case, the jury rendered a defense verdict. Thereafter, the plaintiff sued her attorneys, alleging legal malpractice. The defendants filed a motion for summary judgment, arguing they exercised the required standard of care in representing the plaintiff. In support of their motion, the defendants submitted their own affidavits and an affidavit of a third-party attorney who was retained as a testifying expert. In response, the plaintiff did not provide expert proof on whether the defendants met the appropriate standard of care. The trial court granted the defendants' motion for summary judgment and dismissed the plaintiff's complaint. The plaintiff appealed. We affirm the trial court's grant of summary judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Faye Rennell Hobson, Clarksville, Tennessee, Pro Se.

Gerald E. Martin, Nashville, Tennessee, for the appellees, Joshua A. Frank and Scott P. Tift.

## OPINION

### I.      FACTS & PROCEDURAL HISTORY

The origins of this case stem from a separate suit in a separate judicial system. In

March 2017, Faye Rennell Hobson ("Plaintiff") was acting as a pro se litigant against a former United States Secretary of Defense in the United States District Court for the Middle District of Tennessee. Plaintiff alleged racial discrimination by the Department of Defense after it decided not to hire her for several teaching positions. Joshua A. Frank and Scott P. Tift (collectively "Defendants") were appointed to be Plaintiff's trial attorneys in her federal case.[1] Defendants represented Plaintiff without charge and with no expectation of compensation.

During their time as Plaintiff's attorneys, Defendants filed several motions *in limine*, frequently communicated with Plaintiff to obtain input and discuss trial strategy, participated in several pre-trial conferences, reviewed thousands of pages of discovery in preparation for trial, and litigated the three-day jury trial. Defendants claim that they and their staff logged over 700 hours working for Plaintiff. Despite these efforts, the jury returned a verdict for the former Secretary of Defense.

The next day, Plaintiff informed Defendants via email that they were "no longer [her] official attorneys of record" and that they no longer had authorization to act on her behalf because "[she] resumed pro se status, the moment the trial ended." Within hours, Defendants filed a motion to withdraw as counsel, which the district court granted. After an unsuccessful appeal, Plaintiff filed a legal malpractice claim.

Plaintiff filed her first complaint for legal malpractice in the United States District Court for the Middle District of Tennessee. This case was dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff then filed suit in the Circuit Court of the Nineteenth Judicial District of the State of Tennessee. This case was dismissed for improper venue. Initiating the present action, Plaintiff then filed her complaint for legal malpractice in the Circuit Court of the Twentieth Judicial District of the State of Tennessee. To support her claim, Plaintiff takes issue with Defendants' decisions not to file a motion for default judgment or to request a new trial in her previous case. Plaintiff also alleges that Defendants concealed favorable evidence, conspired with opposing counsel to ensure she would be unsuccessful, and maintained a personal bias against her.

On June 18, 2019, Defendants filed a motion for summary judgment under Rule 56.02. Defendants argued they exercised the necessary standard of care at all times while representing Plaintiff. In support of their motion, both Defendants filed an affidavit as to the standard of care. They also submitted a statement of material facts and a detailed record of services provided to Plaintiff. Additionally, Defendants retained Jonathan Bobbitt, an attorney practicing in Franklin, Tennessee, as a testifying expert. An affidavit of Mr. Bobbitt was also submitted with Defendants' motion for summary judgment. All three attorneys averred that, while representing Plaintiff, Defendants exercised the

---

[1] Jerry Martin was originally appointed, but he later withdrew due to a conflict and was replaced by Mr. Tift.

ordinary care, skill, and diligence commonly possessed and practiced by attorneys throughout Tennessee.

In response, Plaintiff did not offer any countervailing expert testimony. Instead, she included three of her own affidavits; a written response with objections to Defendants' motion; a response to Defendants' statement of material facts; numerous exhibits related to her prior case; and an affidavit of Gladys Blount, a witness in Plaintiff's prior case.

The trial court heard oral arguments on Defendants' motion for summary judgment on July 26, 2019. On August 20, 2019, the trial court entered a memorandum opinion and written order granting Defendants' motion and dismissing Plaintiff's complaint. Plaintiff timely appealed.

## II. ISSUES PRESENTED

Plaintiff presents several issues on appeal, which we have reworded.

1. Whether Defendants' and Mr. Bobbitt's affidavits are sufficient to establish that Defendants met the required standard of care in representing Plaintiff in her prior action;

2. Whether the trial court abused its discretion by approving Defendants' proposed statement of evidence;

3. Whether the trial court abused its discretion in proceeding with the case after disclosing she was associated with U.S. District Court Judge Crenshaw and Defendant Scott Tift;

4. Whether the Nineteenth Judicial District of the Circuit Court for the State of Tennessee erred in dismissing Plaintiff's claim for being filed in an improper venue;[2]

5. Whether the Middle District of Tennessee erred in dismissing Plaintiff's claim for lack of subject matter jurisdiction; and

6. Whether the trial court erred in failing to consider evidence submitted by Plaintiff when ruling on the motion for summary judgment.

---

[2] In her brief, Plaintiff states the Ninetieth Judicial District dismissed her case for lacking "subject matter jurisdiction." However, it is clear from the record that the case was dismissed for being filed in an improper venue.

Several of these issues are beyond this court's authority or are pretermitted by our decision. We find this appeal involves only the following dispositive issues:

1.  Whether Defendants supported their motion for summary judgment with expert proof that negates an essential element of Plaintiff's claim; and

2.  If so, whether Plaintiff presented expert proof in response to establish a genuine issue of material fact for her legal malpractice claim.

For the reasons stated herein, we affirm the trial court's grant of summary judgment for Defendants and remand.

## III.  STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019) (citing *Beard v. Branson*, 528 S.W.3d 487, 494–95 (Tenn. 2017)). Rule 56.04 states summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When a party does not bear the burden of proof at trial, that party may meet its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (quoting *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015)). Then, "[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* at 889 (alteration in original) (quoting *Rye*, 477 S.W.3d at 265). Evidence presented by the nonmoving party is accepted as true; we allow all reasonable inferences in its favor; and any doubt about the existence of a genuine issue of material fact is resolved in its favor. *Id.* at 887.

## IV.  DISCUSSION

At the outset, we assure Plaintiff, as a pro se litigant, that this court has given her arguments fair and objective treatment. As we have previously stated:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the

judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (citations omitted). *See also Kondaur Capital Corp. v. Finley*, No. W2019-00143-COA-R3-CV, 2019 WL 5067195, at \*2 (Tenn. Ct. App. Oct. 9, 2019); *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015).

On appeal, Plaintiff raises several issues with the rulings in her prior suits. However, we may only address the rulings of the trial court in this case.[3]

In an action for legal malpractice, the plaintiff bears the burden of establishing five elements:

(1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). *See also Elaster v. Massey*, No. E2017-00020-COA-R3-CV, 2018 WL 1040112, at \*4 (Tenn. Ct. App. Feb. 22, 2018). To determine if an attorney breached the duty owed to a client, courts ask "whether the lawyer failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by other attorneys practicing in the same jurisdiction." *Horton v. Hughes*, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998). *See also Chapman v. Bearfield*, 207 S.W.3d 736, 739–40 (Tenn. 2006) (stating an attorney may be liable for failing to exercise the ordinary care, skill, and diligence commonly exhibited by attorneys in Tennessee).

"[W]hether a lawyer's conduct meets the applicable professional standards is generally believed to be beyond the common knowledge of laypersons." *Glass v. Underwood*, No. E2004-02871-COA-R3-CV, 2005 WL 1669893, at \*4 (Tenn. Ct. App. July 18, 2005) (quoting *Lazy Seven Coal Sales v. Stone & Hinds, P.C.*, 813 S.W.2d 400,

---

[3] On appeal, Plaintiff takes issue with the trial judge not recusing herself. We find this issue to be without merit. Plaintiff did not make a timely objection or motion that called for the trial judge's recusal. *See In re Adoption of Angela E.*, 402 S.W.3d 636, 642 (Tenn. 2013); *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal . . . ."). Additionally, the record does not indicate the trial court failed to rule impartially. *See* Tenn. Sup. Ct. R. 10B; *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001) (stating "the mere fact that a judge has ruled adversely to a party . . . is not grounds for recusal").

403 (Tenn. 1991)). *See also Hasek v. Holt*, No. 03A01-9706-CV-00210, 1998 WL 2505, at *3 (Tenn. Ct. App. Jan 6, 1998). Thus, "except in cases involving clear and palpable negligence," expert proof is required to show an attorney's actions fell below the standard commonly possessed and exercised by other practicing attorneys. *Lazy Seven Coal Sales*, 813 S.W.2d at 406 (quoting *Cleckner v. Dale*, 719 S.W.2d 535, 540 (Tenn. Ct. App. 1986) *abrogated on other grounds by Chapman*, 207 S.W.3d at 741); *Strong v. Baker*, No. M2007-00339-COA-R3-CV, 2008 WL 859086, at *7 (Tenn. Ct. App. Mar. 31, 2008); *Horton*, 971 S.W.2d at 959.

In the present case, we find the acts or omissions of Defendants do not constitute "clear and palpable" negligence that nullifies the expert proof requirement. *See Lazy Seven Coal Sales*, 813 S.W.2d at 406. The record shows Defendants represented Plaintiff for approximately seven months and spent over 700 hours working on her case during that time. They submitted several motions *in limine*, frequently communicated with Plaintiff to seek her input and approval on trial strategy, reviewed a prolific number of discovery documents, and represented Plaintiff during the three-day jury trial. Still, Plaintiff alleges that Defendants "purposefully and maliciously botch[ed] her case" and that their decision to forgo a motion for default judgment was inexcusable. Respectfully, we disagree. The record shows Defendants worked extensively to help Plaintiff succeed. They decided not to file a motion for default judgment after conducting research and discussing the potential outcomes and alternatives with Plaintiff. Although Plaintiff's previous case resulted in a defense verdict, we cannot say that Defendants' actions were the result of "clear and palpable" negligence.

In support of their motion for summary judgment, Defendants filed affidavits of Defendant Scott Tift, Defendant Joshua Frank, and attorney Jonathan Bobbitt.[4] All three affidavits asserted Defendants met or exceeded the standard of care commonly exercised by attorneys in Tennessee. Each presents specific facts that show Defendants exercised sound professional judgment and reasoning. As a result, we hold that the affidavits submitted by Defendants constitute expert proof that Defendants exercised the required standard of care while representing Plaintiff.

Plaintiff's response to Defendants' motion for summary judgment lacks expert proof. Plaintiff submitted three affidavits signed by her and an affidavit of Gladys Blount, a witness from her prior case. Despite their familiarity with the facts of this case, neither Ms. Blount nor Plaintiff is an "expert" for the purposes of establishing the required standard of care. "Ordinary laymen (even judges) [can]not say that [an] attorney's conduct fell below" the standard commonly exhibited and exercised by attorneys in Tennessee. *Hutter*, 55 S.W.3d at 575 (quoting *Allen v. Wiseman*, No. 01-A-

---

[4] It is not unheard of for an attorney to submit an affidavit in a legal malpractice suit where the attorney is a defendant. *See, e.g.*, *Elaster*, 2018 WL 1040112, at *1; *Strong*, 2008 WL 859086, at *2; *Hutter v. Cohen*, 55 S.W.3d 571, 573 (Tenn. Ct. App. 2001).

01-9710-CV00565, 1998 WL 391803, at *3 (Tenn. Ct. App. July 15, 1998)).

The facts of *Hutter v. Cohen* are similar to this case. In *Hutter*, the plaintiff attended law school but did not graduate. *Id.* at 573. Although the plaintiff did not practice law, he asserted he was familiar with the standard of care required of attorneys in Tennessee and submitted his own affidavit in response to a motion for summary judgment. *Id.* Despite any familiarity Mr. Hutter may have had with the legal system, the court found he lacked the appropriate expert proof to establish the defendants breached the standard of care owed. *Id.* at 575. The holding in *Hutter* is consistent with other cases where a layperson's affidavit fails to establish expert proof. *See Elaster*, 2018 WL 1040112, at *2, *7; *Bursack v. Wilson*, 982 S.W.2d 341, 344–45 (Tenn. Ct. App. 1998). Similarly, even though Plaintiff is an experienced pro se litigant, her affidavits do not qualify as expert proof. Ms. Blount's affidavit also fails to qualify as expert proof in this matter.

As we have previously stated, this case is not appropriate for lay testimony on whether Defendants breached the standard of care owed. Defendants' affidavits and the affidavit of Mr. Bobbitt sufficiently establish expert proof that Defendants exercised the standard of care commonly possessed and exercised by attorneys in Tennessee. *See Chapman*, 207 S.W.3d at 739–40; *Strong*, 2008 WL 859086, at *7; *Horton*, 971 S.W.2d at 959. As a result, Defendants have negated an essential element of Plaintiff's legal malpractice claim. In response, Plaintiff has not presented expert proof to reestablish her claim. Therefore, we affirm the trial court's grant of summary judgment in favor of Defendants.[5]

## V.    CONCLUSION

The decision of the circuit court is affirmed and remanded. Costs of this appeal are taxed to appellant, Faye Rennell Hobson, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[5] Plaintiff's complaint lists "Legal Malpractice: Negligence" and "Legal Malpractice: Breach of Fiduciary Duty" as separate claims for relief. Aside from this labeling, Plaintiff's complaint, motions, and appellate briefs do not differentiate the claims, nor does she list the requirements of a claim for breach of fiduciary duty. We therefore agree with the trial court that, for the purpose of summary judgment, these claims should be treated as a single legal malpractice claim.